THE STATE OF OHIO, APPELLEE, *v.* CASPER, APPELLANT.[*]

(No. 8401—Decided February 24, 1958.)

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Leonard Kirschner*, for appellee.

*Mr. Nelson Hunt*, for appellant.

Long, J.  The defendant, Richard Casper, was apprehended on July 19, 1957, at Koch House, 313 Sycamore Street, Cincinnati, Hamilton County, Ohio, in possession of a small bottle containing dolophene (admitted by defendant to be a habit forming drug), a hypodermic needle and an eye dropper.  Defendant admitted that he had just come from the bathroom, where he had given himself an injection of the drug by means of the needle and eyedropper.

It was admitted by the prosecution that defendant had a prescription for the dolophene, but not for the needle and eye dropper.

Defendant was indicted and went to trial charged with the violation of Section 3719.172, Revised Code, which provides as follows:

"No person, except a manufacturer or wholesaler or retail dealer in surgical instruments, owner of a pharmacy, pharmacist, practitioner, nurse, or other person authorized to administer narcotic drugs, shall possess a hypodermic syringe or needle or any instrument or implement adopted for the use of habit-forming drugs by the subcutaneous injection for the purpose of administering habit-forming drugs, unless such possession is authorized by the certificate of a physician issued within the period of one year."

Two assignments of error are claimed by defendant.  First, he says that the court erred in excluding the prescription, claiming that in the colloquy between his lawyer and the prosecutor, the state stipulated that the prescription should be admitted in evidence.  This, the prosecutor denies.  What the prosecutor admitted was that defendant had a prescription for the drug only, but he insisted that, like any other document, to be admissible in evidence, its genuineness must be established.  In

other words, the doctor or pharmacist could have been put on the stand, and the prescription could have been identified as having been executed and delivered to the defendant. Defendant claims that this would have occasioned loss of time and caused trouble. This is not excuse for overlooking the rules of evidence. Defendant could have asked for a continuance, which would have saved the prescription, but this he failed to do. Having decided this point against the defendant, this court need not consider the other claimed error that the judgment of the court is contrary to law. Without the prescription, defendant's claim that he comes within one of the exceptions of the statute, should not be considered by this court.

However, it is worth noting that defendant says that he is saved by the following language of the statute: "unless such possession is authorized by the certificate of a physician." He claims that the language "as directed" contained in the prescription is an implied authorization by the doctor, certifying his use of the needle. We can not agree with this interpretation. Where a defendant, in a criminal case, claims to come within the purview of an exception contained in the statute, he must offer testimony showing that he comes within such exception. This defendant could have done so by putting the doctor on the stand and having him testify as to the genuineness of the prescription and the instructions and directions given the defendant. Having failed to put the doctor on the stand, the trial court, which tried the case without a jury, could well have believed that if the doctor were put on the stand, he would have denied both the genuineness of the prescription, and that he authorized the use of the needle.

For the foregoing reasons, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.